[Civ. No. 7045. First Appellate District, Division Two.—September 21, 1929.]

In the Matter of the Estate of CHARLES JOHNSON, Deceased. CHARLES A. DWARACK et al., Appellants, v. C. K. WAKEFIELD, Special Administrator, etc., Respondent.

Charles A. Hill for Appellants.

No appearance for Respondent.

KOFORD, P. J.—This is an appeal from an order denying a petition for probate of the last will and testament of Charles Johnson, deceased. The appellant was the petitioner and was named in the will as an executor. The record on appeal is a clerk's transcript and a printed transcript which prints the clerk's transcript and also prints the bill of exceptions signed and approved by the judge. The notice of appeal and the appellant's brief were duly served upon the attorney for C. K. Wakefield, special administrator of the estate of said deceased. No brief or argument in support of the order appealed from has been filed. Appellant states that he does not know why the petition was denied,

but assumes that it was on account of the supposed insufficiency of the testimony of the subscribing witnesses in respect to either the sound mind of the testator or in respect to his request of the witnesses to act as subscribing witnesses.

.The witnesses to the will were F. J. Kitching and F. E. Wells. Both signed the will in the presence of the testator and of each other, subscribing to the usual statement reciting the details of the due execution of the will. The subscribing witness, Kitching, testified to all the details of a due execution of a will including the statements that he was acquainted with the testator, that the testator was of sound and disposing mind, free from fraud, undue influence, etc., and that he and the other subscribing witness signed as witnesses at the request of the testator. The other subscribing witness testified that he was requested by the petitioner to come to the sick room of the testator to witness a will, and as to the execution of the will he testified as follows:

" . . . there was there present at said time besides myself and said C. A. Dwarack and said Charles Johnson, D. T. Winne, an attorney at law, and I. J. Kitching. On entering the room of Charles Johnson, whom I had not met before, I asked him in rather a joking manner if he wanted to make his will and he stated he did; that these were the only words spoken to or by me while I was in Mr. Johnson's room; that said Charles Johnson then signed said instrument hereinbefore referred to which had been previously prepared; that said Charles Johnson signed the same in the presence of myself and said I. J. Kitching and said I. J. Kitching and myself then and there signed the same in his presence and in the presence of each other; that neither Charles Johnson or any other person in his presence requested me to sign said instrument as a witness; that I left immediately after signing said instrument;

"That at the time of the signing of said instrument said Charles Johnson appeared to be physically ill; that I am not able to state whether or not he was mentally competent; I believe that he knew he was signing an instrument purporting to be his last will, but I do not know whether or not he knew the contents thereof, as it was not read to him in my presence."

The soundness of mind was testified to by the subscribing witness Kitching and not denied by any other witness. The testimony of the subscribing witness Wells did not warrant a decision that he became a subscribing witness to the will without the request of the testator. It was not essential that the testator make a verbal and audible request of the subscribing witness Wells. We quote from *Estate of Silva,* 169 Cal. 116, at page 120 [145 Pac. 1015, 1016]:

"It does not appear that the testator in words asked that these persons sign as witnesses or declared to them that the document was his will, but from the whole transaction as shown by the testimony it is very clear that all of them understood that he was promulgating the document as his will, that he desired these persons to sign the same as witnesses and that they were signing in compliance with his desire so manifested by his manner and actions.

"It is not necessary that the testator should have spoken words declaring the document to be his will, or that he should expressly request the witnesses to sign it as such. It is sufficient if this declaration and request are unmistakably indicated to the persons signing as witnesses by the testator's conduct and action, although there is no declaration in words to that effect." (See, also, *Estate of Cullberg,* 169 Cal. 365, 368 [146 Pac. 888].)

The order appealed from is therefore reversed.

Nourse, J., and Sturtevant, J., concurred.