[Civ. No. 2954. Fourth Dist. Nov. 12, 1941.]

Estate of KNUTE B. NORSWING, Deceased. GUNHILD C. NORSWING, Respondent, v. DENO NELSON et al., Appellants.

Raymond Thompson and J. Harold Decker for Appellants.

William V. O'Connor, O'Connor, Gray & Strock, R. C. Mize, David D. French and Mize, Kroese & French for Respondent.

BARNARD, P. J.—Knute B. Norswing died on November 7, 1939. On August 1, 1939, he executed a will which consisted solely of a revocation of all former wills, and in which he stated that this was done to the end that all of his property should descend to his legal heirs. This will was witnessed by H. Ustick and W. E. Askin. On August 3, 1939, he executed another will leaving his entire estate to his wife, which will was admitted to probate.

Thereafter, a petition was filed on behalf of a sister and a nephew of the deceased asking for the probate of a purported will "bearing incorrect date of 1st day of August; 1939" and alleged to have been "executed on or about August 15th, 1939," and asking that the probate of the will of August 3, 1939, be revoked. A contest was filed by the widow of the deceased. A hearing was had and the court found in favor of the contesting widow, finding, among other things, that "said decedent did not by his conduct or by his

acts or by any declaration in words at any time declare that said document was his will." A judgment was entered accordingly and the sister and nephew have appealed.

The sole question presented is whether the evidence sustains the court's finding to the effect that the offered document was not executed with the formalities required by subdivision 3 of section 50 of the Probate Code, which reads as follows: "The testator, at the time of subscribing or acknowledging the instrument, must declare to the attesting witnesses that it is his will."

The offered instrument, except for signatures, is a carbon copy of the typewritten portion of the will which the decedent had executed on August 1, 1939. It consists of one sheet of paper, has the word "Will" at the top, is dated August 1, 1939, and has an attestation clause which bears no date. It has the signature of the decedent in the usual place and below the attestation clause it was signed by two witnesses, H. Ustick and J. P. Kenney.

There is no dispute as to the circumstances surrounding the execution of the offered document. On or about August 15, 1939, Kenney, who was employed by the deceased, took him to a barber shop in Fullerton. The decedent told Kenney to go over and see if Ustick was in his office as he wanted to see him. Kenney did so and on his return accompanied the decedent to Ustick's office. Kenney had not the "slightest idea" why the decedent wanted to see Ustick and the decedent said nothing to him in that connection. Ustick testified that when the others arrived at his office and in the presence of himself and Kenney the decedent said: "I want you to witness my signature"; that the decedent took from his pocket the document in question and handed it to Ustick, folded; that he, Ustick, unfolded the document and, after looking over it hastily, said to the decedent: "Mr. Norswing, this is a carbon copy of the instrument you signed two or three weeks ago"; that the decedent replied: "Yes, I know it"; that he then said: "Mr. Norswing, we can't change the dates on that"; that the decedent replied: "Okay, I don't want them changed"; that during this conversation both attesting witnesses were present and understood fully the words of the decedent; and that after this conversation the decedent signed the instrument, after which both Ustick and Kenney also signed. He further testified that on that occa-

sion he did not read the attestation clause; that the decedent requested them to witness his signature but did not refer to the instrument as his will and made no statement to the witnesses as to the nature of the instrument; and that there was no mention of a will and the word "will" was never used during the entire conversation.

Kenney's testimony is substantially the same. He testified that the decedent asked them to witness his signature but did not state at any time what kind of a paper it was; that he heard the conversation between Ustick and the decedent about this being a carbon copy of a paper that had been previously signed and about the inability to change the date; that the paper was lying on the desk when he signed it; that he did not see the word "Will," did not read the paper, and did not read the portion just above his signature; that he just glanced at the paper and signed it after the decedent signed it; that nothing was said about a will at any time; and that he did not know "whether it was a deed or bill of sale or what it was."

The code provision is that a testator at the time of subscribing the instrument "must declare to the attesting witnesses that it is his will." It is well settled that such a declaration need not be expressed in words, but may be sufficiently indicated by the conduct and acts of the testator. The general rule is thus stated in *Estate of Silva,* 169 Cal. 116 [145 Pac. 1015]: "It is not necessary that the testator should have spoken words declaring the document to be his will, or that he should expressly request the witnesses to sign it as such. It is sufficient if this declaration and request are unmistakably indicated to the persons signing as witnesses by the testator's conduct and actions, although there is no declaration in words to that effect." It is essential, however, that each of the witnesses shall understand that the testator was promulgating the document as his will. (*Estate of Silva, supra; Estate of Johnson,* 100 Cal. App. 676 [280 Pac. 987].)

In the instant case, the decedent did not expressly declare that this instrument was his will. A sufficient declaration probably appears insofar as Ustick is concerned because of his conversation with the decedent relating to the execution of the original document, of which this was a copy, and in which Ustick had participated as one of the witnesses.

The question remains whether, with respect to the witness Kenney, such a declaration is to be implied from the acts and conduct of the deceased.

Both of the witnesses agree as to what was said and done and there is nothing in the facts thus established which would necessarily indicate to Kenney that the instrument in question was a will. In fact the only thing which was said about the instrument, the conversation relating to the prior execution of a document of which this was a copy, might well have tended to mislead Kenney in this regard rather than to indicate to him that this was a will. The facts thus brought out, that this was a copy of an instrument which had been previously executed and that the decedent did not want any of the dates changed, would naturally cause Kenney to believe that this was not the execution of a new instrument, intended to supersede the one of which it was a copy, much less such an important matter as the execution of a new will.

The appellants argue that Kenney should have known that he was witnessing a will because the paper lay on the desk before him and he could have seen the word ''Will'' and could have read the attestation clause. Nothing further appears than that he had an opportunity to read the instrument had he so desired. This witness was employed as a ranch hand and when his employer asked him to ''witness my signature,'' without explaining the nature of the document, he might well have had a natural reluctance about reading the instrument and his failure to do so is quite understandable. Even the witness Ustick, who also had the paper before him, testified that he did not read the attestation clause at that time. And the instrument itself was unfolded by Ustick and not by the decedent.

The uncontradicted evidence is that one of the witnesses to this instrument did not know that it was intended as a will. There is no evidence of acts or conduct on the part of the decedent which required a finding that the nature of this instrument was unmistakably indicated to this witness. It follows that the court's finding in this connection cannot be disturbed on appeal. (*Estate of Krause,* 18 Cal. (2d) 623 [117 Pac. (2d) 1].)

For the reasons given the judgment is affirmed.

Marks, J., and Griffin, J., concurred.